IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>COREY D. ROSENDARY, )<br>)<br>) | Civil No. 06-280 Erie<br>Criminal No. 03-29 Erie<br>Judge Sean J. McLaughlin |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Corey D. Rosendary's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255. The Government has filed a Motion to Dismiss asserting that Defendant's § 2255 motion is untimely.

I.  BACKGROUND

On April 28, 2004, Defendant pled guilty to possession with intent to distribute and distribution of 5 grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). Pursuant to a plea agreement, Defendant stipulated that the amount of cocaine base attributable to his conduct was 5.4 grams. Defendant further stipulated that he was a career offender under the provisions of U.S.S.G. section 4B1.1(b)(B). Finally, Defendant agreed that his sentencing guideline offense level, after a three level reduction for acceptance of responsibility, was 31. This included a stipulation that Defendant waived his right to appeal if he was sentenced within the guideline range applicable to that offense level.

On August 10, 2004, this Court sentenced Defendant to a 210 month term of imprisonment, a sentence within the stipulated guideline range. On August 18, 2004, Defendant filed a timely notice of appeal. The Third Circuit dismissed the appeal on May 13, 2005, finding that Defendant's right to appeal had been waived.

On June 28, 2005, Defendant filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court denied this petition on October 11, 2005.

Defendant filed a timely petition for rehearing with the Supreme Court on November 5, 2005, in accordance with Rule 44 of the Rules of the United States Supreme Court. The Supreme Court denied the petition for rehearing on February 21, 2006. On November 29, 2006, Defendant filed the instant § 2255 motion.

II.     ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year limitation period for the filing of a § 2255 petition:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1). It is well settled that a judgment becomes "final" for purposes of the AEDPA limitations period when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

The Supreme Court denied Defendant's petition for a writ of certiorari on October 11, 2005. The Government asserts, therefore, that the AEDPA statutory limitations period expired on October 11, 2006. As Defendant did not file his § 2255 petition until November 29, 2006, more than a year later, the Government argues that the § 2255 petition is untimely.

In response, Defendant cites United States v. Wall, 456 F.3d 316 (3rd Cir. 2006), Hibbs v. Winn, 542 U.S. 88 (2004), and Missouri v. Jenkins, 495 U.S. 33 (1990), for the proposition that "[a] timely filed petition for rehearing in accordance with the established rules of court stops the time for the filing of a petition for a writ of certiorari from running as the judgment does not then become final until the petition for rehearing is denied." (Defendant's Motion for Leave to Amend, p. 4). Essentially, Defendant asserts that the statutory limitations period did not begin to run until February 21, 2006, the date on which the United States Supreme Court denied Defendant's petition for rehearing. If this argument were to prevail, the § 2255 petition would be timely.

None of the cited cases, however, has any bearing on the issue at bar. Rather, each addresses

whether a petition for rehearing from a circuit court's denial of relief, filed in that circuit court, tolls the time period for filing a petition for writ of certiorari in the United States Supreme Court. In each case, the court concluded that the time period was tolled. None of these cases, however, stands for (or even addresses) the proposition that a petition for rehearing filed to the Supreme Court after a denial of certiorari delays or tolls the commencement of the running of the AEDPA limitations period.

Rather, it is clear from the United States Supreme Court's own rules that a petition for rehearing does not operate to toll the AEDPA limitations period. Supreme Court Rule 16.3 provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will **not** be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice*.

Supreme Court Rule 16.3 (emphasis added). Moreover, every circuit court which has addressed this issue has concluded that the filing of a petition for rehearing in the Supreme Court has no effect on the date of finality of the conviction and, therefore, does not toll the commencement of the one year AEDPA filing period. See United States v. Segers, 271 F.3d 181, 185-186 (4th Cir. 2001) (holding that a conviction becomes final on the date of denial of certiorari; a petition filed less than 2 months after the expiration of the one-year period of limitations was untimely because, without an order of the Court, a petition for rehearing has no effect); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (one-year limitation period commences on date of denial regardless of whether a petition for rehearing is filed); United States v. Thomas, 203 F.3d 350, 355-56 (5th Cir. 2000) (petition filed one year and three days after Supreme Court's denial of certiorari dismissed as untimely, rejecting claims that 25 day time period for filing petition for rehearing must have expired and that conviction was not final until circuit court received the certiorari denial); Horton v. United States, 244 F.3d 546, 550-51 (7th Cir. 2001) (petition filed one year and two days after Supreme Court denied certiorari dismissed irrespective of opportunity to petition Supreme Court for rehearing); In re Smith, 436 F.3d 9, 10 (1st Cir. 2006) (certificate of appealability denied as to whether district court properly dismissed section 2255 petition as untimely, indicating that the issue

of whether the filing of a petition for rehearing tolls the one-year limitation period for filing section 2255 petitions is not reasonably debatable); United States v. Campa-Fabela, 339 F.3d 993, 994 (8th Cir. 2003) (habeas petition untimely despite filing of a petition for rehearing).

    III.    CONCLUSION

In light of the foregoing, we find that Defendant's conviction became final on October 11, 2005, the date on which the United States Supreme Court issued its denial of certiorari. Accordingly, Defendant's § 2255 petition, filed more than 13 months after that date, is untimely. Clay, 537 U.S. at 527.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> ) <br> ) <br> ) <br> v.                                                  ) <br> ) <br> COREY D. ROSENDARY,               ) <br> ) <br> ) | Civil No. 06-280 Erie <br> Criminal No. 03-29 Erie <br> Judge Sean J. McLaughlin |

**ORDER**

AND NOW, this 12th day of March, 2007, for the reasons set forth above, it is hereby ORDERED that the Government's Motion to Dismiss is GRANTED and Defendant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 and subsequent Motion for leave to amend are DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

      /s/ - Sean J. McLaughlin
      United States District Judge

cm:   All parties of record.